

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Ailyn Abin 970 Broad Street, Suite 700 *Direct: (973) 645-2704*
Assistant U.S. Attorney Newark, NJ 07102 *Ailyn.Abin@usdoj.gov*

May 10, 2019

**VIA E-MAIL AND REGULAR MAIL**
Donna R. Newman, Esq.
20 Vesey Street, Suite 400
New York, New York 1007

 Re: Plea Agreement with Kyra McGowan

Dear Ms. Terry:

 This letter sets forth the plea agreement between your client, Kyra McGowan ("Kyra McGowan"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **May 29, 2019** if it is not accepted in writing by that date.

Charges

 Conditioned on the understandings specified below, this Office will accept a guilty plea from Kyra McGowan to a two-count Information that charges that: (1) Kyra McGowan conspired with others to use an unauthorized access device, in violation of Title 18, United States Code, Section 1029(b)(2) (Count One); and (2) Kyra McGowan used an unauthorized access device in exchange for a thing of value, in violation of Title 18, United State Code, Section 1029(a)(2) (Count Two). If Kyra McGowan enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Kyra McGowan for her role in using unauthorized access devices in connection with her employment at "Business-1" between in or around May 2017 until in or around July 2017. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Kyra McGowan agrees that any dismissed charges and any other charges that are not time-barred by the

applicable statute of limitations on the date this agreement is signed by Kyra McGowan may be commenced against her, notwithstanding the expiration of the limitations period after Kyra McGowan signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1029(b)(2) in Count One to which Kyra McGowan agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1029(a)(2) in Count Two to which Kyra McGowan agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kyra McGowan is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Kyra McGowan ultimately will receive.

Further, in addition to imposing any other penalty on Kyra McGowan, the sentencing judge: (1) will order Kyra McGowan to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Kyra McGowan to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Kyra McGowan to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Kyra McGowan be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the

expiration of its term, Kyra McGowan may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Kyra McGowan by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Kyra McGowan's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Kyra McGowan agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Kyra McGowan from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Kyra McGowan waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

Kyra McGowan agrees to pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea.

Kyra McGowan shall submit a personal financial disclosure statement under oath, and, if requested, submit to interviews and/or deposition by the United States Attorney's Office and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Kyra McGowan expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Kyra McGowan fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of her acceptance of responsibility, Kyra McGowan agrees to forfeit to the United States (i) pursuant to 18 U.S.C. § 982(a)(2)(B), any property, real or personal, constituting, or derived from, proceeds Kyra McGowan obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to 18 U.S.C. § 1029(c)(1)(C), all of her right, title, and interest in any personal property that was used or intended to be used to commit or to facilitate the commission of the offense charged in Counts One and Two of the Information. Kyra McGowan further agrees that that one or more

of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant. Kyra McGowan consents to the entry of a forfeiture money judgment in such amount (the "Forfeiture Money Judgment"). Kyra McGowan also agrees, as part of her acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the conduct charged in Counts One and Two of the Information.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Forfeiture Money Judgment, Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Kyra McGowan waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Kyra McGowan further agrees that no later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Kyra McGowan fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Kyra McGowan has intentionally failed to disclose assets on her Financial Disclosure Statement, Kyra McGowan agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or

stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Kyra McGowan understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Kyra McGowan understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kyra McGowan wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Kyra McGowan understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Kyra McGowan waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kyra McGowan. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Kyra McGowan.

No provision of this agreement shall preclude Kyra McGowan from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Kyra McGowan received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Kyra McGowan and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: AILYN ABIN
Assistant U.S. Attorney

APPROVED:

DAVID M. ESKEW
Chief, Health Care and Government Fraud Unit

- 7 -

I have received this letter from my attorney, Donna R. Newman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 6/6/19
Kyra McGowan


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 6/6/19
Donna R. Newman, Esq.
Counsel to Kyra McGowan

## Plea Agreement with Kyra McGowan
## Schedule A

1. This Office and Kyra McGowan agree to stipulate to the following facts:

    a. Kyra McGowan conspired with others, to enter stolen credit card numbers into the point of sale terminal at Business-1 in order to obtain Business-1 gift cards in exchange for cash payments.

    b. The loss that was reasonably foreseeable to Kyra McGowan as a result of her conduct was approximately $419,000.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.